*In re* THAYER'S ESTATE.

PATTERSON *v.* STEVENS.

1. WILLS—MENTAL CAPACITY.

Any person has the right to make a will and so long as such person has the mental capacity to understand the business in which he is engaged, to know the extent and value of his property, to know the natural objects of his bounty, and to keep these facts in mind long enough to dictate his will without prompting from others, such a person has capacity to make a valid will.

2. SAME—MENTAL CAPACITY—PHYSICAL AND MENTAL DISEASE.

A testator may be suffering physical ills and some degree of mental disease and still execute a valid will, unless the provisions thereof are affected by the indisposition.

3. SAME—ECCENTRICITY OF BEHAVIOR.

Mere eccentricity of behavior on the part of the testator will not cause an inference strong enough to invalidate a will if he is otherwise competent.

4. SAME—MENTAL CAPACITY—EVIDENCE.

In will contest, while there was some testimony which might have created an inference of mental incapacity or undue influence, such testimony was controverted by positive testimony as to testatrix' capability of handling her own affairs, including testamentary disposition of property.

5. SAME—UNDUE INFLUENCE—ACTS OF KINDNESS—EVIDENCE.

Undue influence of a testator may not be inferred from acts of kindness, but must be proved.

6. SAME—UNDUE INFLUENCE—OPPORTUNITY—EVIDENCE.

Proof of opportunity to exercise undue influence upon a testator is not alone sufficient.

7. SAME—MENTAL CAPACITY—UNDUE INFLUENCE—EVIDENCE.

Evidence in will contest *held,* insufficient to justify setting aside of will on the ground of mental incompetency or undue influence.

8. Same—Mental Capacity—Presumptions—Burden of Proof.
  While a proponent cannot rest on the presumption of capacity
    when competent proof to the contrary is produced, yet the
    burden of proof at all times rests on the contestant to show
    that the testator did not have mental capacity to make the will.

Appeal from Wayne; Miller (Guy A.), J. Submitted July 8, 1944. (Docket No. 23, Calendar No. 42,402.) Decided September 11, 1944.

In the matter of the estate of Margaret Thayer, deceased. Harold Fred Patterson and others presented the last will of Margaret Thayer for probate. Helen R. Stevens and Mary E. Dohany objected thereto. Contest certified to circuit court. Judgment allowing will. Contestants appeal. Affirmed.

*Victor H. Hampton,* for proponent Patterson.

*H. William Butler,* for proponents Stevens.

*Wallace C. Hall,* for contestants.

North, C. J. Contestants-appellants herein seek to set aside a will executed by one Mrs. Margaret Thayer on October 8, 1942, on the grounds· of mental incompetency and of undue influence. If 'this is done, then seemingly a previous will executed on May 12, 1942, in which the contestants largely benefit, would be operative. The contestants, Mrs. Mary E. Dohany and Mrs. Helen R. Stevens, are two surviving sisters of Mrs. Thayer. The proponents are Arthur and Frieda Stevens, beneficiaries under the will, and Harold F. Patterson to whom the bulk of the estate was left. The contest was certified by the probate court to the circuit court where it was heard

without a jury.   Contestants have appealed from a judgment sustaining the will.

Mrs. Thayer was an elderly lady and the possessor of an estate of approximately $30,000.   After the death of her husband on March 2, 1942, Mrs. Thayer went to live with Mrs. Dohany, and while there paid the mortgage on the house and also purchased the equity in the property from Mrs. Dohany.   A short time later Mrs. Thayer left the Dohany home and went to live with the other sister, Mrs. Helen Stevens.   She continued to live with Mrs. Stevens until September 19, 1942, when she left with Mrs. Frieda Stevens, one of the proponents, who took her to a hotel where she lived until her death during the night of October 13, 1942.

The record is quite voluminous.   It contains the testimony of 9 witnesses for the proponents and 19 witnesses for the contestants.   A detailed review of all the testimony offered would serve no worthwhile purpose.   There is ample testimony both from doctors and laymen to show that Mrs. Thayer had been in very poor health for a number of years, her physical well-being was rapidly deteriorating as a result of various ailments, she was mentally confused at times, she was exacting and impatient of contradiction, frequently lost the thread of conversation when being talked to and otherwise showed signs of advanced age.

For some years Mrs. Thayer and her husband had retained a Mr. Condon as their attorney in various affairs.   About three weeks before her death, Mrs. Thayer discussed with Mr. Condon the proposition of selling the Dohany house to Arthur and Frieda Stevens at a modest price and with a small down payment.   Attorney Condon advised against this because the price and down payment were, in his opinion, too low.   However Mrs. Thayer persisted, and

the Stevens took her on October 7, 1942, to their attorney, Wilbur M. Brucker, a former governor of this State and a reputable member of his profession of long standing. Mr. Brucker testified that at the time of drawing up the land contract, Mrs. Thayer discussed in detail the terms of the contract and made decisions for herself concerning the contract terms.

Included in the exhibits is a letter purporting to be from Mrs. Thayer to proponent Harold F. Patterson, a friend living in Marion, Ohio. This letter requested him to come to Detroit in order to help her straighten out her affairs. Mr. Patterson came to Detroit and on October 8, 1942, arranged a meeting, for the purpose of drawing up a new will, between Mrs. Thayer and Mr. Paul Voorheis, a reputable attorney of 40 years' practice and formerly an attorney general of this State. Mr. Voorheis testified that a conference took place in Mrs. Thayer's room in her hotel and that during the conference Mr. Patterson was absent from the room. Further, he testified that during the conference Mrs. Thayer discussed her properties and her wishes for their disposal, referred from time to time to notes previously made, and otherwise gave Mr. Voorheis complete instructions for the preparation of the new will. The will in accord with the instructions was prepared the same day and about 4 o'clock that afternoon was read to Mrs. Thayer and executed by her, this being done in the absence of Mr. Patterson or any other beneficiary. While the will named some 13 beneficiaries, it contains no involved or complex provisions. The disposition of each item of property is made in simple, clear and direct terms, easy of understanding. It contains a bequest of $500 to each of the contestants.

One of the well-established rules of law in this

State is that any person has the right to make a will; and that so long as the person has the mental capacity to understand the business in which he is engaged, to know the extent and value of his property, to know the natural objects of his bounty and to keep these facts in mind long enough to dictate his will without prompting from others, such a person has capacity to make a valid will.

"A testator may be suffering physical ills and some degree of mental disease and still execute a valid will, unless the provisions thereof are affected thereby." *In re Ferguson's Estate,* 239 Mich. 616, 627.

Mere eccentricity of behavior on the part of the testator will not cause an inference strong enough to invalidate a will providing the above qualifying conditions are present. See *In re Johnson's Estate,* 308 Mich. 366, and cases cited therein. In view of the comprehensive discussion of the rule as to burden of proof in a will contest, and the general rules which determine the testator's capacity contained in *Re Johnson's Estate, supra,* we need not here further discuss the subject. While in the present case there is testimony which might create an inference of mental incapacity or undue influence, yet such testimony is controverted by positive testimony that Mrs. Thayer was capable of determining her own affairs, including a testamentary disposition of her property. And undue influence may not be inferred from acts of kindness. It must be proved. In *Re Lacroix's Estate,* 265 Mich. 59, we said, "proof of opportunity to exercise undue influence is not alone sufficient." On this record we cannot find that the judgment of the trial court was against the preponderance of the evidence. Instead we are in accord with the finding of the circuit judge that the will of

Margaret Thayer, under the evidence of this case, should not be set aside on the ground of mental incompetency or undue influence.

The contestants claim that the evidence of Mrs. Thayer's mental instability which they presented overcame the presumption of her competency to make a will and for that reason the burden of proof shifted to the proponents to prove competency. With this we cannot agree. While a proponent cannot rest on the presumption of capacity when competent proof to the contrary is produced, yet the burden of proof at all times rests on the contestant to show that the testator did not have mental capacity to make the will. See *In re Rowling's Estate,* 291 Mich. 218.

We have examined other questions presented by the contestants but find in them nothing which would alter decision herein. The judgment in the circuit court is affirmed, with costs, and the case remanded for further proceedings.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.